Affirmed and Memorandum Majority and Concurring Opinions filed May 20,
2004









Affirmed and Memorandum Majority and Concurring Opinions filed
May 20, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01179-CR

_______________

 

BYRON WILSON HILDRETH, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________________________

 

On
Appeal from the 184th District Court

Harris County, Texas

Trial
Court Cause No. 888,614

_________________________________________________________________________

 

M E M O R A N D U M  
M A J O R I T Y   O P I N I O N

 

Byron
Wilson Hildreth, Jr. appeals a conviction for indecency with a child[1]
on the grounds that: (1) the evidence was legally and factually insufficient;
and (2) he was denied effective assistance of counsel.  We affirm.

Sufficiency of the Evidence

Appellant=s first and second points of error
contend that the evidence is legally and factually insufficient to prove that
he touched the complainant intentionally or with the intent to gratify himself
sexually.








Evidence
is legally insufficient if, viewed in the light most favorable to the verdict,
no rational trier of fact could find the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rayford v. State, 125 S.W.3d
521, 526 (Tex. Crim. App. 2003), petition for cert. filed, ___ U.S.L.W.
___ (U.S. April 26, 2004) (No. 03-10038). 
Evidence is factually insufficient if, viewed in a neutral light, the
proof of guilt is so obviously weak as to undermine confidence in the verdict
or greatly outweighed by contrary proof. 
Rayford, 125 S.W.3d. at 526-27.

As
relevant to this case, a person commits indecency with a child if, with the
intent to arouse or gratify his sexual desire, the person touches, including
through clothing, the genitals of a child younger than 17 years and not the
person=s spouse.  See Tex.
Pen. Code Ann. ' 21.11(a)(1), (c)(1) (Vernon 2003).  The intent to arouse or gratify a person=s sexual desire can be inferred from
his conduct, remarks, and all surrounding circumstances.  Ranson v. State, 707 S.W.2d 96, 97 (Tex. Crim. App. 1986).  In a sufficiency review, a jury=s inference of intent is afforded
more deference than evidence supporting proof of conduct.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  A conviction for
indecency with a child may be supported by the uncorroborated testimony of the
minor victim.  See Tex. Code Crim. Proc. Ann. art.
38.07(a) (Vernon Supp. 2004).

In
this case, the evidence showing that appellant touched the complainant
intentionally and with the intent to gratify himself sexually includes the
complainant=s testimony that the touching
occurred, even after the complainant had tried to push appellant=s hand away, and the testimony of the
complainant, his brother, and his mother that: (1) after the complainant called
his mother to come pick him up from appellant=s apartment, appellant sat in his
recliner and cried; (2) appellant told the complainant that he (appellant)
would lose his job and everything he had; (3) appellant said he couldn=t live with himself; and (4)
appellant was crying uncontrollably and stated, APlease forgive me.  I thought he wanted me to.@ 
This evidence is legally sufficient to prove the requisite intent.








As
to factual sufficiency, although appellant denied touching the complainant,
claimed that it was an accident, asserted that the complainant waited a long
time to make an outcry, and argued that the complainant falsely accused him to
cover up his own inappropriate behavior, these were matters of credibility for
the jury to weigh and are not of sufficient magnitude to render the evidence
factually insufficient.  Accordingly,
appellant=s first two points of error are overruled.

Ineffective Assistance of Counsel

Appellant=s third and fourth points of error
argue that he was denied effective assistance of counsel by his trial counsel=s failures: (1) during the
guilt/innocence phase of trial to investigate the character and reputation
witnesses whose names she was provided; and (2) during the punishment phase to
present a meaningful case in mitigation.

The
Sixth Amendment right to effective assistance of counsel is denied when a
defense counsel=s performance falls below an objective standard of
reasonableness, and prejudices the defense. 
Yarborough v. Gentry, 124 S. Ct. 1, 4 (2003).  The prejudice must amount to a reasonable
probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Wiggins v. Smith, 123 S. Ct. 2527, 2542 (2003).  In assessing prejudice, we reweigh the
evidence in aggravation against the totality of available mitigation evidence.  Id.

At
the hearing on the motion for new trial, the testimony of appellant and his
parents, that they provided his counsel information with which to contact three
favorable character witnesses, was controverted by the contrary testimony of
appellant=s defense counsel.  Appellant has provided us no basis to
conclude that the trial court erred in weighing the respective credibility of
these witnesses and resolving their conflicting testimony.  Moreover, appellant contends that the entire
case revolved around his credibility, and, accordingly, that favorable
testimony from character witnesses would have encouraged the jury to think he
was not lying in his testimony.  However,
in that the jury heard the testimony of the witnesses directly involved in the
matters in issue, including appellant, it would be difficult to conclude that
any such general testimony regarding appellant=s character creates a reasonable
probability that a different determination regarding his guilt would have
resulted from it.








With
regard to appellant=s assertion of ineffective assistance for his counsel=s failure to call his parents to
testify during the punishment phase of trial, his counsel testified at the
motion for new trial hearing that this was a tactical decision based on the
jury=s apparent rejection of their
testimony during the guilt stage and her belief that testimony from a defendant=s parents is generally not persuasive
to juries.  Although appellant obviously
disagrees with this assessment, he has provided no basis to overcome the
presumption that it be considered sound trial strategy.  See, e.g., Bell v. Cone, 535 U.S. 685,
698, 700 (2002) (finding no ineffective assistance in failing to call the
defendant=s mother during the punishment
stage).

Appellant
further contends that his trial counsel was ineffective in failing to subpoena
a probation officer to testify regarding the supervision system that exists for
those on community supervision for indecency with a child.  However, he cites no decisions holding any
such failure to be ineffective assistance. 
In addition, the jury charge listed the community supervision conditions
that could be imposed by the court, as well as the consequences of a violation
of those conditions, if community supervision had been imposed.  Appellant=s brief does not specify how the
probation officer=s testimony might have changed a juror=s mind as to recommending probation
in light of the information provided in the charge.  Therefore, it fails to demonstrate a
reasonable probability of a different outcome on the jury=s decision not to recommend probation
had the officer testified during the punishment phase.  Accordingly, appellant=s third and fourth points of error
are overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Majority and Concurring Opinions filed May 20, 2004.

Panel consists of
Justices Edelman, Frost, and Guzman. 
(Frost, J., concurring).

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
convicted Hildreth and sentenced him to five years confinement.